# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

Samuel Bankole,

      *Plaintiff,*

vs.

ERIC HOLDER, Attorney General of the United States; JEH JOHNSON, Secretary of the Department of Homeland Security; LORI SCIALABBA, Acting Director, United States Citizenship and Immigration Services; DAVID DOUGLAS, District Director, District 15, United States Citizenship and Immigration Services; MICHELLE PERRY, Kansas City Field Office Director United States Citizenship and Immigration Services; ANGELA FIRRUCIA, Senior Adjudications Officer, Kansas City Office; UNITED STATES DEPARTMENT OF JUSTICE; UNITED STATES DEPARTMENT OF HOMELAND SECURITY; UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,

      *Defendants.*

Case No. 6:14-cv-01104-EFM-JPO

## MEMORANDUM AND ORDER

Plaintiff Samuel Bankole ("Plaintiff") seeks declaratory and injunctive relief against Eric Holder, Lori Scialabba, David Douglas, Michelle Perry, Angela Firrucia, the United States Department of Justice, the United States Department of Homeland Security, and the United

States Citizenship and Immigration Services ("Defendants"). Plaintiff appeals the denial of his naturalization petition pursuant to § 310(c) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1421(c), and the Administrative Procedure Act ("APA"), 5 U.S.C. § 702 *et seq*. This matter is before the Court on Defendants' Motion to Dismiss (Doc. 6). For the reasons stated below, Defendants' motion is denied.

## I. Factual and Procedural Background

This matter arises from Defendants' denial of Plaintiff's naturalization petition. Plaintiff is a citizen of Nigeria. He resides in Wichita, Kansas and has been a lawful permanent resident of the United States since July 18, 2006. Plaintiff obtained his residency based on his marriage to Vanessa Renee Lopez, a U.S. Citizen.

Because of his marital status, Plaintiff first sought naturalization on September 1, 2009. On August 16, 2010, Plaintiff's naturalization application was denied for failing to tell the complete truth while under oath. On December 20, 2010, the United States Citizenship and Immigration Services ("USCIS") issued Plaintiff a Notice to Appear for removal proceedings that was filed with the U.S. Immigration Court in Kansas City, Missouri. Fifteen months later, on March 22, 2012, the Department of Homeland Security ("DHS") moved to terminate removal proceedings. The immigration court granted DHS' motion and dismissed the case, and USCIS never initiated further proceedings for removal.

On July 30, 2012, Plaintiff refiled for naturalization. After passing the tests for English and American history and government, Plaintiff was issued a Notice of Naturalization Oath Ceremony, scheduled for January 18, 2013. One week prior to his scheduled ceremony, USCIS sent Plaintiff a notice de-scheduling it. On September 12, 2013, USCIS denied Plaintiff's application, and Plaintiff filed a Request for a Hearing on a Decision in Naturalization. On

December 4, 2013, USCIS conducted a hearing on the matter. Two days later, Plaintiff's application was again denied.

Plaintiff filed this claim against Defendants on April 4, 2014. Plaintiff filed an Amended Complaint on April 7, 2014, alleging violations of the INA and the APA. Plaintiff alleges that he is statutorily eligible for citizenship and seeks an order granting him citizenship. Defendants allege that Plaintiff, on two separate occasions, failed to disclose his citation for and conviction of running a stop sign and driving without proof of insurance. Accordingly, Defendants allege that Plaintiff's false testimony under oath renders him statutorily ineligible for naturalization. Defendants now seek to dismiss Plaintiff's claims in their entirety.

## II.     Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move for dismissal of any claim for which the plaintiff has failed to state a claim upon which relief can be granted.[1] Upon such motion, the court must decide "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'"[2] A claim is facially plausible if the plaintiff pleads facts sufficient for the court to reasonably infer that the defendant is liable for the alleged misconduct.[3] The plausibility standard reflects the requirement in Rule 8 that pleadings provide defendants with fair notice of the nature of the claims as well as the grounds upon which each claim rests.[4] Under Rule 12(b)(6), the court must accept as true all factual allegations in the

---

[1] FED. R. CIV. P. 12(b)(6).

[2] *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009).

[3] *Iqbal*, 566 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

[4] *See Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (internal citations omitted); *see also* FED. R. CIV. P. 8(a)(2) ("A pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief.").

complaint, but need not afford such a presumption to legal conclusions.[5] Viewing the complaint in this manner, the court must decide whether the plaintiff's allegations give rise to more than speculative possibilities.[6] If the allegations in the complaint are "so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'"[7]

### III.   Analysis

In naturalization actions, because "the Government has a strong and legitimate interest in ensuring that only qualified persons are granted citizenship . . . it has been universally accepted that the burden is on the alien applicant to show his eligibility for citizenship in every respect."[8] "[D]oubts 'should be resolved in favor of the United States and against the claimant.'"[9] A plaintiff can meet his burden by demonstrating "by a preponderance of the evidence that he or she meets all of the requirements for naturalization."[10] If USCIS denies a person's naturalization application, and this denial is upheld by an immigration officer, an applicant may appeal in federal district court. "Such review shall be de novo, and the court shall make its own findings of fact and conclusions of law and shall, at the request of the petitioner, conduct a hearing de novo on the application."[11]

---

[5] *Iqbal*, 556 U.S. at 678-79.

[6] *See id.* at 678. ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.").

[7] *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 570).

[8] *Berenyi v. Dist. Dir., INS,* 385 U.S. 630, 637 (1967).

[9] *Id.* (citing *United States v. Macintosh*, 283 U.S. 605, 626 (1931)).

[10] 8 C.F.R. § 316.2(b).

[11] 8 U.S.C.A. § 1421(c).

To survive a motion to dismiss in a naturalization action, a plaintiff must effectively plead that he or she:

> (1) was lawfully admitted to the United States as a permanent resident; (2) has resided continuously, and has been physically present in the United States for the required statutory period; and (3) is a person of good moral character and has been so for at least the five years preceding the filing of his naturalization application.[12]

Defendants concede that Plaintiff was lawfully admitted to the United States as a permanent resident and has resided continuously for the required statutory period. Defendants dispute only the final element, that Plaintiff is a person of good moral character.

Whether an applicant possesses the requisite standard of "good moral character" is determined "on a case-by-case basis taking into account the elements enumerated in this section and the standards of the average citizen in the community of residence."[13] Although the statute requires an applicant to be of good moral character "for at least the five years preceding the filing of his naturalization application," the USCIS "is not limited to reviewing the applicant's conduct during the five years immediately preceding the filing of the application, but may take into consideration, as a basis for its determination, the applicant's conduct and acts at any time."[14] Although good moral character is not specifically defined, federal regulations do specify conduct that prohibits a finding of good moral character in naturalization proceedings: "No person shall be regarded as, or found to be, a person of good moral character who, during the period for which good moral character is required to be established is, or was . . . (6) one who

---

[12] *Bidzimou v. U.S. Citizenship and Immigration Servs.*, 2013 WL 4094440, at *2 (D. Kan. Aug. 13, 2013).

[13] 8 C.F.R. § 316.10(a)(2).

[14] 8 C.F.R. § 316.10(a)(2).

has given false testimony for the purpose of obtaining any benefits under this chapter."[15] Defendants contend that Plaintiff's false testimony about his citation for and conviction of running a stop sign and driving without proof of insurance renders him statutorily ineligible for naturalization, and thus Plaintiff fails to state a claim upon which relief can be granted.

Plaintiff and Defendants cite the same passage of *Kungys v. United States*,[16] holding that 8 U.S.C. § 1101(f)(6), which governs good moral character for naturalization purposes, "means precisely what it says:"

> On its face, § 1101(f)(6) does not distinguish between material and immaterial misrepresentation. Literally read, it denominates a person to be of bad moral character on account of having given false testimony if he has told even the most immaterial of lies with the subjective intent of obtaining immigration or naturalization benefits.[17]

Defendants focus on the first portion of the passage, emphasizing "*if he has told even the most immaterial of lies.*"[18] Conversely, Plaintiff highlights the second portion of the passage, emphasizing, "with the *subjective intent of obtaining immigration or naturalization benefits.*"[19] Defendants are correct that the statute does not include a materiality requirement; however, the statute does include an element of subjective intent. An individual lacks good moral character if he or she, during the statutory period, gives even the most immaterial false testimony *for the purpose of and with the subjective intent* of obtaining some immigration or naturalization benefit.

---

[15] 8 U.S.C.A. § 1101(f)(6).

[16] 485 U.S. 759.

[17] *Id.* at 779-80.

[18] Defendants' Reply, Doc. 8, p. 5.

[19] Plaintiff's Response, Doc. 7, p. 5.

Misrepresentations made for other reasons are not enough to conclude that a person lacks good moral character.[20]

Whether Plaintiff gave false testimony with the subjective intent of obtaining immigration or naturalization benefits is a question that must be resolved by the trier of fact. Plaintiff alleges several reasons apart from "a subjective intent of obtaining immigration or naturalization benefits," for failing to disclose his violations. The most compelling rationale involves Plaintiff's allegation that he simply followed the USCIS website's suggestion "that unless a traffic incident was alcohol or drug related, you do not need to submit documentation for traffic fines and incidents that did not involve an actual arrest if the penalty was a fine less than $500 and/or points on your driver's license."[21] Relying on this information, Plaintiff allegedly assumed that he was not required to disclose his traffic violation and conviction. The Court cannot resolve the question of subjective intent at the pleading stage.[22]

---

[20] *Kungys*, 485 U.S. at 780.

[21] Plaintiff's Response, Doc. 7-2, p. 4.

[22] *Id.* at 782 (citing *Pullman-Standard v. Swint*, 456 U.S. 273, 288 (1982) (issues of intent are factual matters for the trier of fact.)). Defendants' reliance on *Keaik v. Dedvukay*, 557 F.2d 820 (E.D. Mich. 2008), is misplaced because the court was deciding a similar issue at the summary judgment stage rather than the pleading stage of litigation. The facts were also substantially different than the facts of this case: the plaintiff in *Keaik* had committed numerous traffic offenses within the five-year statutory time frame. Furthermore, the Court reminds Defendants that *Keaik*, as a case arising from a district court in the Sixth Circuit, has no precedential value here.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss (Doc. 6) is hereby **DENIED**.

**IT IS SO ORDERED**.

Dated this 29th day of July, 2014.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE